UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTEN LUDOVICUS, | |
| Plaintiff, | No. 21 C 1332 |
| v. | Judge Thomas M. Durkin |
| DOMENIC CAPPELLUTI, ET AL, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kristen Ludovicus alleges that Defendants conspired against her and violated her constitutional rights when they arrested and detained her. Motions to dismiss have been filed by the Lake County Defendants, R. 35, the Waukegan Defendants, R. 38, and Defendant Jody Adams, R. 54. For the reasons that follow, the Lake County Defendants and Waukegan Defendants' motions are granted in part and denied in part, and Defendant Adams's motion to dismiss is denied.

**Background**

This case arises out of the fraught relationship between Kristen Ludovicus's husband, Grayson Ludovicus, and defendant Adams. During time relevant to this cause of action, Adams owned a car dealership and was friends with defendant Cappelluti, a detective with the Waukegan police department. Grayson worked for Adams at the car dealership. According to Kristen, Grayson threatened to bring a whistleblower action against the dealership for illegal business practices.

Kristen alleges that, in retaliation, Cappelluti and Adams conspired to have Grayson arrested for applying for a FOID card. Grayson had a prior criminal conviction, so his application for an FOID card constituted a crime. Kristen alleges Adams and Cappelluti contacted either the Lake County Sheriff's Office ("LCSO") or defendant Giamberduca, a sergeant with the LCSO, and informed them of the FOID application.

On March 12, 2019, police arrived at the Ludovicus's home with an arrest warrant for Grayson, but no search warrant, and no arrest warrant for Kristen. Nevertheless, police searched the home and arrested both Kristen and Grayson. The complaint alleges the search occurred after certain defendants handcuffed Kristen and Grayson and told them they would "never see [their] kids again" if they did not permit a search of the residence. R. 1 at 9.

Kristen was arrested, taken into custody for questioning, and charged with obstruction of justice. She alleges the defendants continued to threaten her with prison time. At the time, Kristen had a young child who was breastfeeding. She informed the officers she was in pain during the questioning because she needed to alleviate herself of her breast milk. She alleges she repeatedly requested to contact a relative to bring her breast pump but was ignored. Kristen remained in "considerable pain and discomfort" while she was in custody because of this, eventually losing her supply of breast milk and forcing her to stop nursing altogether. She also alleges she informed the defendants she had Lyme Disease but they did not provide her with

medical accommodations she requested. The charges against Kristen were eventually dropped.

At various subsequent court appearances for either Kristen or Grayson, defendant Cappelluti was present without explanation. Kristen argues this was to intimidate her. Finally, she alleges the defendants contacted her employer and informed them she was arrested, and she lost her job as a result.

Kristen brought claims for civil conspiracy against defendants Cappelluti and Adams (Counts I and II); illegal search, seizure, arrest, and detention against the State defendants (Count III)[1]; denial of healthcare against the State defendants (Count IV); failure to intervene against the State defendants (Count V); a *Monell* claim for denial of adequate medical care against defendants Idleburg and LCSO (Count VI); an indemnification claim against the city of Waukegan (Count X); and an indemnification claim against LCSO (Count XI). R. 1. Three previously alleged state law counts (Counts VII, VIII, and IX) were voluntarily dismissed. R. 51.

Defendants Idleburg, Giamberduca, and the LCSO ("Lake County defendants") moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants Cappelluti, Walles, and the City of Waukegan ("Waukegan defendants") also moved to dismiss under the same rule, as did defendant Adams.

---

[1] The complaint defined the "State defendants" as including Det. Cappelluti, Wayne Walles, City of Waukegan, Lake County, Lake County Sheriff's Office, John Idleburg, Gianni Giamberduca, Javier Perez, Eric Kaechele, Tom Roberton, P. Register, and E. Gomez. R. 1 at 3. Ludovicus then voluntarily dismissed Defendants Lake County, Tom Robertson, S. Stassi, P. Register, and E. Gomez. R. 52.

## Legal Standard

A Rule 12(b)(6) motion challenges "the sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Analysis

### I. Lake County Defendants' Motion to Dismiss

The Lake County defendants—Sheriff Idleburg, LCSO, and Sergeant Giamberduca—move to dismiss Counts III, IV, V, VI, and XI.

A. <u>Count III: Illegal Search, Seizure, Arrest, and Detention under the Fourth and Fourteenth Amendments and Section 1983</u>

A plaintiff may bring a Section 1983 claim against a government actor in the actor's official capacity or in his individual capacity. *See Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). A defendant cannot be personally liable for a Section 1983 claim under a theory of respondeat superior. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). To state a claim for individual liability under Section 1983, a plaintiff must allege the defendant was personally responsible for the deprivation of a constitutional right because "he directed the conduct causing the constitutional violation, or it occurred with his knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). The plaintiff need not allege the defendant's "direct participation," but a supervisor may be held liable if they "know about the unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010).

The Lake County defendants argue there is no allegation in the complaint as to Idleburg or LCSO's personal involvement in Count III and therefore it should be dismissed. R. 35 at 6. Kristen alleges Idleburg and LCSO were "charged with assuring that law enforcement personnel adhere to the law in the execution of their official duties." R. 1 at 15. She alleges the arrest warrant for her husband, which according to the complaint was based on a conspiracy to target him and Kristen, was executed by the officers of the LCSO. She alleges defendant Cappelluti, a detective with the Waukegan Police Department, tipped off the LCSO to arrest Grayson—again, as part of the conspiracy to target her family. A warrantless search and Kristen's arrest

5

followed, which she alleges was baseless.[2] She contends she repeatedly asked for an attorney and was denied one. R. 49 at 4. All of this, Kristen alleges, occurred under Idleburg's watch as the Sheriff of Lake County. Taking Kristen's complaint as true, as this Court is required to do at this stage, it is entirely plausible that the Sheriff knew about the arrest and detention of Kristen and either approved it, condoned it, or turned a blind eye to it. The motion to dismiss Count III against LCSO and Idleburg is denied.

As for defendant Giamberduca, the Lake County defendants argue there are no specific allegations of wrongdoing in the complaint. But the complaint alleges that after Cappelluti and Adams conspired to tip off LCSO, it was Giamberduca who obtained the arrest warrant, came to the house, and participated in arresting Kristen. This conduct is exactly what Kristen is challenging as unconstitutional. Taking her allegations as true, she has sufficiently alleged that Giamberduca was involved in the illegal search, seizure, and detention. Giamberduca makes no other argument as to why dismissal is appropriate. The motion to dismiss Count III against Giamberduca is denied.

---

[2] The defendants make no argument as to the constitutionality of the search of the home or arrest of Kristen. Presumably, if there was an argument that there was probable cause to arrest Kristen, the defendants would have made that argument. Their argument is only that the complaint is not specific enough as to each defendant. Of course, both arrests and searches can occur without warrants in certain circumstances, but neither side has explained their position on that issue.

B. Counts IV and V: Denial of Healthcare and Failure to Intervene under the Fourteenth Amendment

The Lake County defendants argue Counts IV and V lack the same specificity they contend is lacking in Count III. That argument fails for the same reasons outlined above—Kristen sufficiently alleges their involvement in the arrest and subsequent detention and questioning, during which she requested medical attention and the State defendants failed to provide it.[3]

Alternatively, with respect to Count IV, the Lake County defendants argue that under the standard of objective unreasonableness which applies to medical claims brought by pretrial detainees, Kristen's allegations fail. *See Miranda v. Lake Cty.*, 900 F.3d 335, 352 (7th Cir. 2018).[4] Kristen has alleged that she was in significant discomfort while the officers were questioning her. She alleges she told them multiple times of her discomfort and requested a way to alleviate herself of her breast milk. She also alleges she was experiencing the symptoms of her Lyme Disease and any requests she made for medical attention were ignored. This is sufficient to state a claim for inadequate medical care. A corrections officer may not ignore a detainee's requests for care. *See Miranda*, 900 F.3d at 353-54 (holding that defendants' "intentional and knowing inaction" could support liability). *See also Johnson v. Taylor*, 2020 WL 5891401, *4 (N.D. Ill. Oct. 5, 2020) (denying a motion to

---

[3] The Lake County defendants do not provide any support for their argument that Kristen failed to include specific allegations in Counts IV and V. Instead, they refer to and incorporate their prior arguments for dismissal of Count III. R. 35 at 7.

[4] The defendants also rely on *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018) for a two-part test to determine unreasonableness. Kristen is correct that *McCann* was decided at the summary judgment stage, and she is not held to an evidentiary standard at the pleadings stage. The defense cites no other authority.

dismiss where detainee's requests for medical care were ignored). The Lake County defendants' motion to dismiss Counts IV and V is denied.

### C. Count VI: *Monell* Claim against Defendants Idleburg and LCSO

The Lake County defendants argue Kristen has not sufficiently pled a *Monell* Claim because she has not shown a policy or custom that caused the alleged violations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). In response, Kristen does not substantively address the motion to dismiss. She requests leave to file an amended pleading. The motion to dismiss the *Monell* claim against the Lake County defendants is granted without prejudice.

### D. Count XI: Indemnification claim against LCSO and Lake County

The Lake County defendants argue the indemnification claim against LCSO should be dismissed because Kristen has failed to sufficiently plead the underlying claims. The Court has denied the motion to dismiss as to various underlying claims, so the indemnification claim survives. The motion to dismiss Count XI is denied.

## II. The Waukegan Defendants' Motion to Dismiss

The Waukegan defendants—Detective Cappelluti, Chief of Police Walles, and the City of Waukegan—move to dismiss counts I, II, III, IV, V, and X.

### A. Counts I and II: Civil Conspiracy Claims against Cappelluti and Adams

To bring a claim for civil conspiracy, a plaintiff must allege: (1) an agreement between two or more persons for accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious or unlawful act by one of the co-conspirators in furtherance of the conspiracy. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (collecting Illinois cases).

8

Similarly, to establish conspiracy liability in a 1983 claim (as is required for Count II), a plaintiff must allege: "(1) the individuals reached an agreement to deprive [her] of her constitutional rights, and (2) overt acts in furtherance actually deprived her of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). "Because conspiracies are often carried out clandestinely and direct evidence is rarely available, plaintiffs can use circumstantial evidence to establish a conspiracy." *Id.* at 511. It is enough during the pleading stage to "merely indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002); *see also Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009) (discussing *Twombly* and *Iqbal* and citing *Walker* with approval).

The defendants appear to argue that Kristen needs to show that Grayson's whistleblower action would have met the elements of a claim under the Illinois Whistleblower Act in order to show a conspiracy was waged against the Ludovicus family. R. 38 at 3-4. Before the Court is not Grayson's whistleblower claim, and the Court will not make a ruling as to whether Grayson—who is not a party here—would have successfully pled such a claim. The relevant inquiry is whether Kristen has sufficiently pled a conspiracy claim.

Kristen has stated a viable conspiracy claim on both Counts I and II. She has identified the parties and general purpose: Cappelluti and Adams allegedly conspired against her family by deciding to tip off the LCSO regarding Grayson's FOID application in retaliation for him expressing concern over illegal practices at the car

9

dealership and suggesting he may pursue a whistleblower action. She alleges the conspiracy continued when the defendants contacted her place of employment informing them of her arrest, leading to the loss of her job. She alleges Cappelluti inexplicably attended court dates to intimidate her and Grayson. By itself, there is nothing wrong with Cappelluti attending a public court proceeding. But it is one of a series of actions Kristen alleges as part of a conspiracy. Kristen has indicated the exact date: March 12, 2019. Defendants Cappelluti and Adams are on notice of the claims against them and the surrounding circumstances. The motion to dismiss Counts I and II is denied.

> B. Counts III, IV, and V: Illegal Search, Seizure, Arrest, and Detention; Denial of Healthcare; and Failure to Intervene

The Waukegan defendants argue Count III should be dismissed against them because Kristen alleges it was LCSO and "other task force officers" who executed the warrant. The defendants argue she does not ever allege the Waukegan defendants were present during the improper search and seizure, or how they could have been involved in an arrest made by LCSO.

Kristen does not in any way address the arguments made by the Waukegan defendants regarding Counts III, IV, and V. She asks for leave to replead. Counts III, IV, and V against the Waukegan defendants are dismissed without prejudice.

> C. Count X: Indemnification Claim against City of Waukegan

The City of Waukegan argues Kristen's claim for indemnification must be dismissed because she has failed to sufficiently plead the underlying claims. The

Court has denied the motion to dismiss the conspiracy claims, so the indemnification claim survives. The motion to dismiss Count X is denied.

### III. Defendant Adams's Motion to Dismiss

Defendant Adams moved to dismiss Counts I and II, arguing in just three sentences that he is not a law enforcement officer and that Kristen has not alleged any facts connecting Adams to the conspiracy. Private individuals can be held liable for conspiracy under Section 1983. *See Brokaw v. Mercer Cty.*, 235 F.3d 1000 (7th Cir. 2000). Kristen has alleged sufficient facts to state a claim against Adams. Adams is an integral part of the agreement Kristen alleges as the basis of her conspiracy claim. The complaint alleges he and Cappulleti, together, formed a plan and conspired to retaliate against and target the Ludovicus family for Grayson's suggestion of a whistleblower action against Adams's dealership. She has sufficiently alleged that Adams formed a conspiracy with law enforcement, and if her allegations survive an evidentiary standard, Adams can be held liable under Section 1983. For these reasons and the reasons outlined in response to the Waukegan defendants' motion to dismiss the conspiracy claims, Adams's motion to dismiss Counts I and II is denied.[5]

---

[5] Adams also makes vague, conclusory arguments regarding standing and joinder. His motion to dismiss recites the rules for joinder of required parties and he makes a one-sentence argument that Grayson is a required party. He does not argue Kristen lacks standing, but he provides the rule for standing. The Court does not perceive there to be any defect in Kristen's standing because her home was searched, and she was arrested and detained. Insofar as Adams is attempting to persuade the Court Kristen failed to join a necessary party, the Court denies the motion to dismiss on those grounds.

**Conclusion**

For the foregoing reasons, the Lake County and Waukegan defendants' motions to dismiss, R. 35 and 38, are granted in part and denied in part. Counts III, IV, and V are dismissed without prejudice as to the Waukegan defendants. Count VI is dismissed without prejudice as to all defendants. The motions to dismiss the remaining counts are denied. Adams's motion to dismiss, R. 54, is denied. The parties are to file a joint status report with a proposed discovery schedule within seven (7) days.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: March 8, 2022